UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

NEIL RHODES, et al.,

                Plaintiffs,                CIV No.
                                                      08 CIV 4283(SCR)

  -against-

GARY DAVIS, et al.,

                Defendants.
------------------------------------X

                          Stipulation of Discontinuance

It is hereby stipulated and agreed by and between Neil Rhodes and his attorneys, Andrew Greene & Associates, P.C. by Thomas Landrigan, Esq. and Gary Davis, and his attorney, Anthony J. Siano, Esq. that the above captioned action is and shall be discontinued with prejudice and without costs, upon the following terms:

1. Gary Davis (Buyer) shall buyout Neil Rhodes (Seller) for all of Seller's shares, assets, rights, title and interest in Alarm Specialists, Inc. and OTR Realty LLC (hereinafter together referred to as "the Company"). Shares will be transferred at closing. Seller shall execute at closing all other documents as needed to effect this transaction ("Closing Documents").

2. Purchase price: $2,500,000.00, closing date to take place no later than October 1, 2008. Buyer will, by September 5, 2008, make a down payment of ten (10%) percent, meaning $250,000.00. Buyer will pay the balance of ninety (90%) percent, meaning $2,250,000.00 no later than closing. In the event of Buyer's failure to pay the amounts called for in this paragraph, Seller shall be entitled to recover legal fees to enforce this paragraph. Buyer shall be entitled to return of the $250,000.00 downpayment in the event that the Closing Documents are not executed by the Seller on the closing date. In the event of Seller's failure to return the down payment because of failure to execute Closing Documents as set forth herein, the Buyer shall be entitled to recover legal fees to enforce this Paragraph.

3. Discontinuance: All litigation will, upon signing this Stipulation, be discontinued without prejudice. Upon the closing of this transaction, such discontinuance will become a discontinuance with prejudice.

4. The Motion pursuant to Federal Rule of Civil Procedure 11 is withdrawn.

5. Seller shall take steps to remove all restraints on mail delivery and all bank accounts of the Company or of Buyer. All steps necessary to effect removal of all restraints caused by Seller must occur at the time that the deposit provided for in paragraph 2 is paid. No new bank accounts for the Company shall be opened until payment of the full purchase price hereunder.

6. Continuing Liabilities: Seller shall share equally with Buyer liabilities for taxes and tax-related (e.g., Workmen's Compensation or Unemployment Insurance) liabilities arising from any act or omission at or before the date of this stipulation.

7. Continuing Liabilities: Seller and Buyer shall remain jointly and severally liable for any liabilities relating to any pension issue, arising from any act or omission at or before the date of this stipulation.

8. Continuing Liabilities: Seller shall share equally with Buyer all other liabilities of Alarm Specialists Inc., arising from any act or omission at or before December 31, 2007.

9. Buyer and the Company shall indemnify Seller from any liability arising from the acts or omissions of Gary Davis from January 1, 2008, to the date of closing.

10. Continuing Liabilities: All other liabilities and debts of the Company shall remain with the Company and the Buyer, (i.e. Gary Davis). Buyer will use best efforts to have Seller removed from all personal guaranties or other personal obligations of the Company. Upon the closing hereunder, the Company and Buyer shall indemnify Seller from any liability arising from any obligations concerning the promissory note, mortgage or other documents concerning the real property owned by OTR Realty, LLC and any personal guaranty executed by the Seller with respect thereto. The Company and Buyer shall use best efforts to cause the Lender to removed the Seller from any personal guaranty concerning any obligations concerning any mortgage or other obligations concerning real property owned by OTR Realty, LLC within one year from the date of the closing.

11. In the event that any claims are made against company for taxes or pension liabilities, Buyer and Seller shall make best efforts to agree upon the choice of legal counsel, accountant or whatever is needed to represent the Company as to such claim(s). At a minimum, the Company and the Buyer shall consult with Seller as to the choice of legal counsel, accountant or whatever is needed to

represent the Company as to such claim(s). The parties shall mutually agree to any settlements effecting assets or liabilities of the parties hereto.

12. Pension: Pension Associates Inc. shall make a proposed determination for Seller as to the Profit Sharing Plan and Defined Benefit Plan as of the date of this stipulation, without prejudice or waiver of Seller or Buyer's right to contest such determination. Buyer will provide complete access to all pension records and financial statements to determine the accuracy of the representations so that the Seller and Buyer each receive correct amounts owed to them under the respective Profit Sharing Plan and Defined Benefit Plan. Buyer and Seller to do his own investigation, with Pension Manager and Accountant. The term "Pension" shall refer to all company pensions and retirement plans in effect at time of closing.

13. Both parties agree that both Buyer and Seller have and retain such beneficial interests in the Company Profit Sharing Plan as are reflected in the files and records of that plan. The parties agree that it was their intent that each party would have a fifty (50%) percent interest in the Defined Benefit Plan of the Company. Each party agrees to cooperate with each other and with the plan actuary and the Company accountant to determine a final calculation for each plan payout and will do so before any payout under any plan is made. However, no party waives rights or remedies to contest said calculation.

In the event that it is determined that either of the foregoing plans was formed incorrectly or is declared to be invalid or is decertified, the parties agree that they shall retain such rights as exists under applicable law and plan documents.

The parties agree that, if the Defined Benefit Plan is decertified, each party will then be entitled to receive promptly a payment equal to their fifty (50%) percent share of the funds returned to the Company. All such returned funds shall be deposited in a Company bank account to be used to pay any of the Company's taxes, interests and penalties due on such funds returned, which amounts shall be deducted from any sums payable to the parties from said account. Such tax payments and distributions shall require approval and consent of both parties before said funds are disbursed, which consents shall not be unreasonably withheld.

14. Structure of Sale: The sale shall be structured as a Stock Purchase agreement, but Buyer will consider any proposal that allows for favorable capital gains treatment for Seller.

15. Interim Preservation of Business Assets: The Company will continue to operate in the ordinary course of business. So long as the parties are proceeding in good faith to close, Seller will not otherwise interfere or attempt to act on behalf of the Company.

16. Personal Property: Seller shall be permitted to enter office for the purpose of removing personal property, such as pictures, awards, lamps, Disney items, radio, couch and personal files if any.

17. Seller shall return all property of the Company in his possession and shall return all discovery materials from the Federal and State Court action at closing.

18. Alarm Specialists, Inc., Rhodes, and Davis agree that for a period of three (3) years from and after the date of this Agreement, Rhodes will not, directly or indirectly, solicit, importune, seek to service, service, or interfere with any active account of Alarm Specialists, Inc. Rhodes further agrees that he will not, directly or indirectly, own, manage, operate, finance, join, control, or participate in the ownership, management, operation, financing or control of, or be connected as an owner, shareholder, director, officer, partner, principal, agent, representative, consultant, or otherwise, with any business entity that solicits, importunes, seeks to service, services or interferes with any active account of Alarm Specialists, Inc.

19. General Releases will be exchanged at closing, except as to the obligations created by this Stipulation.

_____  
Neil Rhodes

_____  
Gary Davis

_____  
Andrew Greene & Associates, P.C.  
Thomas C. Landrigan

_____  
Anthony J. Siano

SO ORDERED:

_____ U.S.D.J.

Dated August 29, 2008  
White Plains, New York

4